

ATTORNEYS AT LAW

800 Third Avenue
13th Floor
New York, NY 10022

212-471-6200
212-935-1166 (fax)
www.hinshawlaw.com

Edward K. Lenci
212-471-6212
elenci@hinshawlaw.com

April 29, 2015

**VIA ECF**

The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Guiney vs. Xerox Education Services, LLC (PKC)
               Case No. 1:15-cv-01870

Dear Judge Chen:

      I represent Defendant Xerox Education Services, LLC ("XES"). I write respectfully to request a pre-motion conference concerning: (i) XES's proposed motion, pursuant to Rule 12(b)(6), for an Order dismissing the Class Action Complaint (the "Complaint") in its entirety, and (ii) its proposed motion in the alternative, pursuant to Rule12(b)(3), for an Order transferring this case to the Northern District of New York in accordance with 28 U.S.C. § 1404(a). As a preliminary matter, the date by which XES needs to answer or move with respect to the Complaint is May 1st and it is my understanding that, under Your Honor's individual rules of practice, filing this letter has the same effect as filing a Rule 12(b)(6) motion.

      A.      **The Motion to Dismiss**

      1.      **Allegations of the Complaint**

      Since March 2012, XES has serviced the Federal Family Education Loan Program ("FFELP") loan Plaintiff took out with lender Access Group. Plaintiff asserts two causes of action against XES, one for alleged breach of contract and the other for alleged violations of Section 349 of New York's General Business Law ("G.B.L § 349") because, when XES assumed loan servicing from Access Group, it changed borrowers' monthly repayment dates, in Plaintiff's case, from the 15th to the 28th of each month.

      2.      **Bases for the Motion to Dismiss**

      The bases for the motion to dismiss concern both the alleged claims of the putative class and the alleged claims of Plaintiff individually.

Honorable Pamela Chen
April 29, 2015
Page 2

Plaintiff is, upon information and belief, a partner of the law firm which represents him and the putative class. As such, he is unsuitable to represent the purported class in this action because there is an unavoidable, inherent conflict in his doing so. *See Brick v. CPC Intern, Inc.*, 547 F.2d 185, 186 (2d Cir. 1976) (upholding decision that plaintiff could not act as class representative as he was a partner of the law firm representing the class); *see also In re IMAX Securities Litigation*, 272 F.R.D. 138, 155 (S.D.N.Y. 2010) (plaintiff-entity was not adequate class representative because its principal was a neighbor and friend of the attorney representing the class and the attorney was a client of the plaintiff); *In re Metlife Demutualization Litigation*, 229 F.R.D. 369, 376 (E.D.N.Y. 2005) (holding that the director of Information Technology for the law-firm representing the class was not an adequate representative). The courts in question reason, *inter alia*, that "when a class representative is closely associated with class counsel, he or she may permit a settlement less favorable to the interest of absent class members." *In re IMAX Securities Litigation*, 272 F.R.D. at 155.

Additionally, the Complaint appears to allege what is known as a "fail-safe," class -- that is, a proposed class whose definition predicates inclusion in the class upon a finding that a putative member has suffered damages -- and "fail-safe" classes are impermissible. *E.g., Spread Enterprises, Inc. v. First Data Merchant Services Corp.*, 298 F.R.D. 54, 69 (E.D.N.Y. 2014) (fail-safe classes are impermissible because "either the class members win or, by virtue of losing, they are not in the class, and therefore not bound by the judgment"). Moreover, it is apparent from the Complaint itself that the proposed class lacks predominance because there would need to be determinations on a borrower-by-borrower basis whether each borrower was, in fact, damaged (*e.g.,* a borrower may have made investment use of the funds in question for an additional thirteen days and came out ahead) and whether the change was, actually, more convenient (*e.g.,* some borrowers may find the 28th of each month a more convenient due date). *See Breitman v. Xerox Education Services, LLC, et al.*, 2014 WL 5364103, at *5-6 & n.1 (S.D.N.Y. Oct. 22, 2014), *leave to appeal pursuant to Rule 23(f) denied,* No. 15-185 (2d Cir. March 24, 2015) (the putative class lacked predominance because, *inter alia*, some borrowers preferred that prepayments on their student loans advanced their regularly scheduled monthly payments and individual damages calculations would overwhelm any common questions).

With respect to Plaintiff's own claims, his First Claim for Relief is under G.B.L § 349 and XES respectfully submits that the Court should dismiss it for each of the following reasons:

a) 20 U.S.C. § 1098g, a section of the U.S. Higher Education Act, pre-empts G.B.L. § 349, as held last year in yet another putative class action brought against XES, *Fraser v. Access Group, Inc., et al.*, 2014 WL 3670666 at *10 (Sup. Ct. Kings July 24, 2014);

b) the claim fails to meet the applicable pleading standards of the statute;

c) there was no alleged deception because, as the Complaint itself shows, the allegedly deceptive business practice was fully disclosed to Plaintiff at the outset; and

d) under G.B.L § 349, the allegedly deceptive or misleading acts must be objectively, not subjectively, deceptive or misleading, and the Complaint itself shows that the disclosure in

question was not objectively deceptive or misleading even if Plaintiff, despite his legal acumen, feels he himself was deceived or misled.

Plaintiff's Second Claim for Relief sounds in breach of contract and XES respectfully submits that the Court should dismiss that claim, too, for failure to state a claim because, *inter alia*, Plaintiff does not appear to identify either a contract between him and XES or any terms and conditions which were supposedly breached.

For the foregoing reasons, XES respectfully submits that the Court should dismiss the Complaint in its entirety and respectfully requests a pre-motion conference.

### B. The Motion To Transfer to the N.D.N.Y.

In the event the Court does not dismiss the Complaint entirely, or dismisses it only in part, XES respectfully requests transfer of this action to the Northern District for the convenience of the witnesses and the parties. In fact, the Southern District has twice granted XES's motions to transfer putative class actions involving loan servicing to the Northern District. *See Shirvani v. Xerox Education Services, LLC*, 2014 WL 114680 at *2 (S.D.N.Y. Jan. 13, 2014) (transferring Plaintiff's loan servicing claim to Northern District of New York based upon a declaration stating that all relevant witnesses were located in Utica, NY); *Reynolds v. Xerox Education Services, LLC*, 2013 WL 5303797 at *1 (S.D.N.Y. Sept. 20, 2013) (same). As to Plaintiff's alleged residence in Kings County, it should be given little, if any, weight because he is bringing a putatively nationwide class action. *See Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 519, 524 (1947) (the nominal plaintiff's choice of his own forum in a nationwide shareholders' derivative suit is not entitled to much weight); *Warrick v. General Electric Co., et al.*, 70 F.3d 736, 740 n.7 (2d Cir. 1995) ("the plaintiff's choice of forum is a less significant consideration in a (here, putative) class action than in an individual case"); *Helfant v. Louisiana & Southern Life Insurance Co.*, 82 F.R.D. 53, 58 (E.D.N.Y. 1979) ("In a purported stockholder class action, … the existence of hundreds of potential plaintiffs considerably weakens plaintiff's claim that his home forum in the most appropriate").

Accordingly, XES respectfully submits that the Court should transfer the case if it does not dismiss the Complaint in its entirety and respectfully requests a pre-motion conference.

Thank you for your attention.

Respectfully,

HINSHAW & CULBERTSON LLP


*/s/ Edward K. Lenci*
Edward K. Lenci


cc: Gregory M. Nespole, Esq., *Attorney for Plaintiff* (via e-mail/ECF)